Colleen N. Laudat Colleenlaudat407@hotmail.com

4607 Westgrove way Orlando Fl 32808-1263

Telephone 321-732-2867

Plaintiff:

Colleen N. Laudat

U.S. District Court for the Middle District of Florida

COLLEEN N. LAUDAT,

Plaintiff,

v.

Equifax, Inc.

Defendant

**Statement Of Claim**

# COMPLAINT

The Plaintiff, Colleen Nerissa Laudat as for the Complaint against Respondents **Equifax, Inc.** ("Equifax") states as follows:

PRELIMINARY STATEMENT

This is an action for statutory, actual, and punitive damages and costs brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x ("FCRA").

Equifax is one of America's major consumer reporting agencies ("CRAs"), with non-parties TransUnion & Experian being the second and third.

The FCRA demands of CRAs that they utilize reasonable procedures to assure the maximum possible accuracy of the information they report. 15 U.S.C. § 1681e(b). When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it. 15 U.S.C. § 1681i.

Consumer reporting agencies that create consumer reports, like Equifax, are charged with utilizing reasonable procedures to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply echo information received.

The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

When such dispute investigations are ongoing and credit reporting of the subject account is also taking place, the furnisher of information must note that the consumer has disputed the information when transmitting account data to CRAs.

The Plaintiff brings claims under Section 1681e(b) against Equifax because they reported about Plaintiff inaccurate information regarding multiple accounts. When Plaintiff disputed the inaccuracies, the agencies did not reasonably investigate, also violating Section 1681i.

The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017). This is particularly true as to how Experian has "complied" with the now 50-year-old obligation to conduct a meaningful accurate investigation. The Defendants have been repeatedly sued by consumers, faced sanctions by regulators and reprimanded by both District and Appellate courts alike to do more than an automated echoing of what their customer/creditors state. Had they followed that advice and heeded those warnings, the Plaintiff would not have been harmed.

## FACTUAL ALLEGATIONS

Sections 1681e(b) and 1681i(a) of The Fair Credit Reporting Act Require Substantive Investigations and Prohibit Echoing of Equifax's Creditor/Customers.

Section 1681e(b) sets forth the CRAs' overall du[t]y: (b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual to whom the report relates. Regardless of the term

investigation not explicitly used in § 1681e(b) , it is very clear and has been upheld through multiple avenues that the respondent has a duty to conduct a reasonable investigation pursuant to both § 1681e(b) as well as § 1681i(a) and that it is pertinent to the CRAs' duties of care under that portion of the Act .

[W]hen a CRA learns or should reasonably be aware of errors in its reports that may indicate systematic problems (by virtue of information from consumers, report users, from periodic review of its reporting system, or otherwise), it must review its procedures for assuring accuracy and take any necessary steps to avoid future problems. Similarly, it should establish procedures to avoid reporting information from its furnishers that appears implausible or inconsistent.

 Federal Trade Commission, 40 YEARS OF EXPERIENCE WITH THE FAIR CREDIT REPORTING ACT

## Plaintiff Discovers the Defendants were Inaccurately Reporting

In roughly April of 2022, Plaintiff obtained a copy of her credit report from Equifax. Upon receipt Plaintiff realized there were quite a few errors and unfamiliar accounts.

1) Exeter Finance LLC 680681XXXXXXXXX
   This account shows an open date of 06/2017 with no data or payments showing until the 05/2021 that data is also presented nonsensically.
2) ComenityBank /Victoria 539176XXXXXXX
   Account shows an open date of 11/2018 with no data until only 08/2021 , 09/2021 and 10/2021 no other data is available .
3) TD Bank Usa / TargetCred 585975XXXXXX
   Account shows an open date of 11/2019 with the data reported presented nonsensically.
4) OpenSky Bank 562192XXXXXXXXXX
   Account shows an open date of 06/2018 with no data until 08/ with the data reported presented nonsensically. This account also states the Plaintiff requested account closure.

5) Midland Credit Manag 317676XXX

The Plaintiff is unaware of this account or how it became to appear on her report. This account also violates the Equal Credit Opportunity Act Code (" ECOA Code")

6) Carmax Auto Finance 468534XX
   This vehicle was totaled and the loan still appears as a regular auto loan which is an improper representation of Plaintiffs debt obligations.

Plaintiff has filed a dispute roughly every month regarding these items. Which Equifax solves in roughly a three week period and returns as verified.

## Defendants' Violations Were Willful

Under the FCRA remedy is allowed for a " willful" violation . Using consumer databases such as Pacer or the CFPB it is easy to view consistent evidence that consumers have filed complaints and lawsuits citing the same issues the Plaintiff has made. This data also highlights Equifax's failure to make corrections within a reasonable amount of time.

The language of  § 1681e(b) has not changed neither have the Defendants dispute investigation obligations under § 1681i(a) .

## CAUSES OF ACTION

Equifax violated 15 U.S.C. § 1681e(b) by failing to follow and establish a reasonable procedure to ensure maximum possible accuracy when preparing Plaintiffs credit report.

As a result of Equifax violations of 15 U.S.C. §1681e(b) Plaintiff suffered actual damages including but not limited to : loss of credit , embarrassment , humiliation , damage to reputation and other mental and emotional distress .

Equifax has violated d 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from each of Plaintiff' credit files.

Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

Equifax violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff' credit files or modify the item of information upon a lawful reinvestigation.

These violations were in fact willful, rendering the respondent liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n as well as negligence entitling Plaintiff to recovery under 15 . U.S.C. § 1681o.

## PRAYER FOR RELIEF WHEREFORE,

Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendants, in addition to; pre- and post-judgment interest at the legal rate; injunctive and declaratory relief; and any other relief the Court deems just, equitable, and proper.

Dated: August 18, 2023

By: */s/ Colleen N Laudat*  Colleen N. Laudat

Plaintiff